# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| David Schaszberger, Bradford Schmittle, Kyle Clouse, Colby Conner, Jeanette Hulse, Gary Landiak, and Andrew Malene,<br><br>Plaintiffs,<br><br>v.<br><br>American Federation of State, County, and Municipal Employees, Council 13,<br><br>Defendant. | No. _____<br><br>**COMPLAINT**<br>**(CLASS ACTION)** |

## INTRODUCTION

1. The U.S. Supreme Court has concluded that unions acted unconstitutionally when they deducted tens of millions of dollars from public-sector employees who were not members of a union but were required to pay agency fees, or "fair share" fees, to the union against their will. *See Janus v. AFSCME*, 138 S. Ct. 2448 (2018). The Court has explained that its interpretations of federal law "must be given full retroactive effect." *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993). Plaintiffs, individually and on behalf of a class of all agency fee-payers whose money was taken by the American Federation of State, County, and Municipal Employees, Council 13 ("AFSCME"), sue for the

1

return of wrongfully-seized money under 42 U.S.C. § 1983.

## PARTIES

2. Plaintiff David Schaszberger was a statistical analyst employed by the Pennsylvania Department of Labor and Industry, and he resides in Lancaster County, Pennsylvania.

3. Plaintiff Bradford Schmittle is a statistician employed by the Pennsylvania State Police, and he resides in Dauphin County, Pennsylvania.

4. Plaintiff Kyle Clouse is a forester employed by the Pennsylvania Game Commission, and he resides in Centre County, Pennsylvania.

5. Plaintiff Colby Conner is a parole agent employed by the Pennsylvania Board of Probation and Parole, and he resides in Armstrong County, Pennsylvania.

6. Plaintiff Jeanette Hulse was a legal assistant employed by the Pennsylvania Department of Environmental Protection, and she resides in Adams County, Pennsylvania.

7. Plaintiff Gary Landiak is a food inspector employed by the Pennsylvania Department of Agriculture, and he resides in Lebanon County, Pennsylvania.

8. Plaintiff Andrew Malene is a civil engineer employed by the Pennsylvania Department of Environmental Protection, and he resides in

Cumberland County, Pennsylvania.

9. Defendant, American Federation of State, County, and Municipal Employees, Council 13, is a labor union whose headquarters is located at 4031 Executive Park Drive, Harrisburg, PA 17111.

## JURISDICTION AND VENUE

10. This case raises claims under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

11. Venue is appropriate under 28 U.S.C. § 1391(b) because AFSCME has its headquarters in the Middle District of Pennsylvania.

## FACTUAL ALLEGATIONS

12. Pennsylvania's Public Employee Fair Share Fee Law for Commonwealth employees provides, "If the provisions of a collective bargaining agreement so provide, each nonmember of a collective bargaining unit shall be required to pay to the exclusive representative a fair share fee." 71 Pa. Stat. Ann. § 575.

13. AFSCME is the exclusive representative for numerous bargaining units throughout the Commonwealth of Pennsylvania, including Plaintiffs' bargaining units.

14. Pursuant to 71 Pa. Stat. Ann. § 575, AFSCME negotiated a master

agreement with the Commonwealth of Pennsylvania for the collection of service fees from nonmember Commonwealth employees such as Plaintiffs. Article 4, Section 2 of the Master Agreement effective from July 1, 2016 through June 30, 2019 provided:

> The Employer further agrees to deduct a fair share fee biweekly from all employees in the bargaining unit who are not members of the Union. Authorization from non-members to deduct fair share fees shall not be required. The amounts to be deducted shall be certified to the Employer by the Union, and the aggregate deductions of all employees shall be remitted together with an itemized statement to the Union by the last day of the succeeding month, after such deductions are made.

15. Pursuant to this agreement, prior to June 27, 2018, all Commonwealth employees in the bargaining units represented by AFSCME who were not union members, including Plaintiffs, were forced to pay "fair-share" fees to AFSCME as a condition of their employment.

16. Prior to June 27, 2018, government employers covered by the collective bargaining agreement deducted "fair share" fees from Plaintiffs' and other nonmembers' wages without their consent and, upon information and belief, transferred those funds to AFSCME, which collected those funds. AFSCME should have known that its seizure of "fair share" fees from non-consenting employees likely violated the First Amendment.

## CLASS ACTION ALLEGATIONS

17. This case is brought as a class action under Federal Rule of Civil

4

Procedure 23(b)(3) by Plaintiffs for them and for all others similarly situated. The class consists of all current and former Commonwealth employees from whom AFSCME collected "fair share" fees pursuant to its collective bargaining agreement with the Commonwealth of Pennsylvania within the applicable statute of limitations.

18. The number of persons in the class is so numerous that joinder is impractical. AFSCME's website affirms that it represents "over 67,000 Pennsylvania Employees." *See* AFSCME Council 13, https://www.afscme13.org/. From July 1, 2016 to June 30, 2017, AFSCME collected agency fees from 14,991 agency fee payers. *See* Form Lm-2 Labor Organization Annual Report, https://olms.dol-esa.gov/query/orgReport.do?rptId=656517&rptForm=LM2Form. For the reporting period ending June 30, 2018, after the *Janus* decision, AFSCME Reported 578 agency fee payers. *See* Form Lm-2 Labor Organization Annual Report, https://olms.dol-esa.gov/query/orgReport.do?rptId=684209&rptForm=LM2Form. Therefore, upon information and belief, the difference of 14,413 represents an approximate number of the public-sector workers who were agency fee payers prior to June 27, 2018.

19. There are questions of law and fact common to all class members, including Plaintiffs. The constitutional violations perpetrated by AFSCME against all nonmembers were taken according to the same statutes and collective

bargaining agreement. The legal question of whether AFSCME owes damages to class members from whom it unconstitutionally seized "fair share" fees is common to all class members.

20. Plaintiffs' claims are typical of class members' claims because all concern whether AFSCME owes damages to class members from whom it unconstitutionally seized "fair share" fees.

21. Plaintiffs will adequately represent the class and have no conflicts with other class members.

22. The class can be maintained under Federal Rule of Civil Procedure 23(b)(3) because the important and controlling question of law or fact, whether agency fee deductions violated class members' First Amendment rights, is common to the members of the class and predominates over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because the individual class members are deprived of the same rights by AFSCME's actions, and they differ only in the amount of money deducted. These amounts are known to AFSCME and easily calculated from its business records. The limited amount of money involved in each individual class member's claim would make it burdensome for each respective class member to maintain a separate action.

## CAUSE OF ACTION: FIRST AMENDMENT VIOLATION

23. The allegations contained in all preceding paragraphs are incorporated herein by reference.

24. AFSCME acted under color of state law and in concert with the Commonwealth of Pennsylvania when it compelled Plaintiffs and class members to pay "fair share" fees, caused the government to deduct "fair share" fees from Plaintiffs and class members, and collected "fair share" fees seized from Plaintiffs and class members.

25. AFSCME violated Plaintiffs' and class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, by requiring the payment of "fair share" fees as a condition of employment and by collecting such fees.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

a. Certify the class;

b. Enter a judgment, pursuant to 28 U.S.C. § 2201(a), declaring that AFSCME violated Plaintiffs' and class members' constitutional rights by compelling them to pay "fair share" fees as a condition of their employment and by collecting "fair share" fees from them without consent;

c. Award Plaintiffs and class members actual damages or restitution in the full amount of "fair share" fees and assessments seized from their wages, plus interest, for violations of their First Amendment Rights;

d. Award Plaintiffs their costs and attorneys' fees under 42 U.S.C. § 1988; and

e. Award any further relief to which Plaintiffs and class members may be entitled.

Dated: November 7, 2019                                   Respectfully Submitted,

                                                          /s/ Charles O. Beckley, II
Brian K. Kelsey (Pro Hac Vice to be filed)                Charles O. Beckley, II
bkelsey@libertyjusticecenter.org                          Pennsylvania Bar No. 47564
Reilly Stephens (Pro Hac Vice to be filed)                Beckley & Madden, LLC
rstephens@libertyjusticecenter.org                        212 N. Third St., Suite 301
Liberty Justice Center                                    Harrisburg, PA 17101
South LaSalle Street, Suite 1500                          Telephone (717) 233-7691190
Chicago, Illinois 60603                                   Facsimile (717) 233-3740
Telephone (312) 263-7668                                  cbeckley@pa.net
Facsimile (312) 263-7702

Aaron B. Solem (Pro Hac Vice to be filed)
c/o National Right to Work Legal Defense Foundation
8001 Braddock Rd., Suite 600
Springfield, VA 22160
Telephone (703) 321-8510
Facsimile (703) 321-9319
abs@nrtw.org
*Attorneys for Plaintiffs*